Argued and submitted March 13, reversed July 17, 1985

**THOMAS,**
*Petitioner,*

*v.*

**BOARD OF ACCOUNTANCY,**
*Respondent.*

(A31649)

702 P2d 1165

Sam A. McKeen, Klamath Falls, argued the cause and filed the brief for petitioner.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks judicial review of an order of the State Board of Accountancy denying reinstatement of a permit to practice public accountancy and permanently revoking his license as a certified public accountant in this state. The order of the Board was based on its conclusion that petitioner's disbarment as an attorney constituted sufficient grounds, under its own statutory authority, to justify that disciplinary action. We reverse.

Petitioner was charged by the Board under ORS 673.170(2) (*amended by* Or Laws 1983, ch 255, § 3), which provides, in pertinent part:

"The board may take any of the actions described in subsection (1) of this section for any one or any combination of the following causes:

"* * * * *

"(i) Suspension or revocation of the right to practice before any state or federal agency."[1]

The Board's notice of proposed denial and revocation alleged that petitioner's disbarment by the Oregon Supreme Court constituted a "suspension or revocation of petitioner's right to practice before any state or federal agency" under ORS 673.170(2)(i). The final order contained its findings of fact, which are set out in the margin.[2] On the basis of those

---

[1] ORS 673.170(1) provides:

"The board may take any of the following disciplinary actions:

"(a) Revoke, suspend or refuse to issue any certificate described in ORS 673.040 to 673.080.

"(b) Revoke, suspend or refuse to issue any public accountant's license or any registration described in ORS 58.345, 673.090 or 673.130.

"(c) Revoke, suspend, refuse to renew or refuse to issue any permit described in ORS 673.150.

"(d) Censure the holder of any permit described in ORS 673.150."

[2]
### "FINDINGS OF FACT

"1. Applicant is an inactive practitioner of public accounting holding a certified public accountant certificate. On or about June 30, 1981, applicant failed to renew his permit necessary to continue practicing public accounting and

findings, the Board issued an opinion and conclusion which we set out in full:

## "OPINION

"The board's hearings officer did not fully come to grips with the legal issue in this case - whether ORS 673.170(2)(i) could be applied to Mr. Thomas' application and whether it constituted grounds for revocation of applicant's certificate. However, the hearings officer did conclude the board acted properly in denying the application and proposing revocation of the certificate.

"The Supreme Court in *In re Thomas,* in part, found applicant 'converted to his own use money that belonged' to various estates under administration. 294 Or at 523-27. The Court also found Thomas' 'conduct involved dishonesty, was prejudicial to the administration of justice and adversely reflects on his fitness to practice law.' He was also 'guilty of wilful misconduct in the legal profession.' 294 Or at 524-25. Had applicant engaged in similar conduct in the practice of public accounting, the board would have charged him with a violation of ORS 673.170(2)(b), 'dishonesty' or 'fraud' in the practice of public accounting. However, under this subsection the conduct must occur in the *practice of public accounting,* and Mr. Thomas was disbarred for conduct while engaged in the practice of law. Aside from this distinction, the board believes both professions require their licensees to maintain character traits of honesty, trustworthiness and fairness in relationships with clients.

---

allowed it to expire and lapse, undoubtedly due to applicant's desire to devote his efforts to the full-time practice of law.

"2. On or about June 12, 1981, the Oregon State Bar filed charges of professional misconduct against applicant.

"3. On or about March 29, 1982, applicant inquired of this board the procedure to reinstate his permit to practice public accounting and on or about June 1, 1982, made formal application to reinstate said permit.

"4. During 1983 the Supreme Court of Oregon disbarred applicant as an attorney at law, and revoked his right to practice law before the courts of this state. *In re Thomas,* 294 Or 505 (1983).

"5. On or about August 30, 1983, the board formally notified applicant of its intention to deny his application for reinstatement of permit and of revocation of his certified public accountant certificate. The board set forth as a basis for this action ORS 673.170(2)(i).

"6. Applicant does not dispute his disbarment, but disputes whether ORS 673.170(2)(i) is applicable to the disbarment and whether the board can deny his application for reinstatement and revoke his certificate based upon this statute. The issue presented to the board is a question of law instead of a question of fact."

"ORS 673.170(2)(i) authorizes the board to take disciplinary action against a licensee for conduct resulting in:

'* * * suspension or revocation of the right to practice before any state or federal agency.'

"Mr. Thomas contends this statutory provision only authorizes the board to impose sanctions where the licensee lost a 'public accounting right' to practice and not where a person has had his right to practice law revoked. He also contends the courts are not a 'state agency,' as such. The board concedes the issue of whether the Supreme Court and the Judicial Branch is a 'state agency' may be open to some debate.

"Initially, the board notes many persons licensed as lawyers wear two hats - one as a lawyer and the other as a CPA. This combination of professions has as its origin the fact that special skill and knowledge of tax law, business law, estate planning and property management are common to both professions, and together better serve the client. These skills complement each other. We do not believe it unreasonable to conclude the legislature intended this board to have authority to revoke a CPA certificate where the holder thereof is also a lawyer and has been disbarred, and particularly so where dishonesty is an issue. Honesty, trustworthiness and fairness in client relationships, as noted, should be common character traits of both professions. Accordingly, the board is of the view disbarment by the court constitutes the revocation of a right to practice before a 'state agency' within the meaning of this statutory provision, and such revocation is not limited to a 'public accounting' right.

"It is further clear to the board that the right of Mr. Thomas to practice law has been revoked, not only before the courts of this state, *but also state and certain federal agencies as well.* The board believes a license to practice law is necessary to represent clients before state agencies, such as LUBA and state licensing boards. In addition, a lawyer's license or a CPA certificate is necessary to represent clients before certain federal agencies. Mr. Thomas could not have represented tax clients before governmental agencies as a CPA since he was ineligible to practice as such. His sole right to do so was based upon his lawyer's license, and this has been revoked. The revocation of Mr. Thomas' right to practice law before the courts effectively prevents Mr. Thomas from representing clients before the vast majority of Oregon State administrative agencies and certain federal agencies as well, such as the Treasury and IRS. Whether the disbarment

constitutes the revocation of right to practice before the court as a state agency, or constitutes the revocation of a right to practice before a state or federal agency is academic since the disbarment resulted in both actions. The board believes this conclusion is reinforced by an examination of ORS 673.170(2)(h), which should be read together with ORS 673.170(2)(i). ORS 673.170(2)(h) already allows the board to take disciplinary action against a licensee where cancellation, revocation or suspension of authority to practice as a certified public accountant has occurred in any state. Thus, ORS 673.170(2)(h) already covers public accounting rights and ORS 673.170(2)(i) covers rights *in addition* to public accounting rights. There would be no need for the legislature to enact ORS 673.170(2)(h) if ORS 673.170(2)(i) already covered public accounting rights.

### "CONCLUSION OF LAW

"The disbarment of applicant by the Oregon Supreme court constitutes a suspension or revocation of the right to practice before a state or federal agency under ORS 673.170(2)(i)." (Emphasis in original.)

The primary issue in this case is whether the Board properly interpreted ORS 673.170(2)(i). Petitioner alleges that disbarment is not one of the grounds for revocation under ORS 673.170, specifically arguing that subsection (2)(i) is restricted to the suspension or revocation of the right to practice *public accounting* before any state or federal agency.

In *Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980), the Supreme Court set out three classes of statutory terms, each placing a different responsibility on an agency in its application of the statute and on a court in its review of the agency's action.[3] We hold the phrase "suspension or revocation of the right to practice before any state or federal agency" to be an "inexact term" under

---

[3] The court identified the classes as follows:

"1.) Terms of precise meaning, whether of common or technical parlance, requiring only factfinding by the agency and judicial review for substantial evidence;

"2.) Inexact terms which require agency interpretation and judicial review for consistency with legislative policy; and

"3.) Terms of delegation which require legislative policy determination by the agency and judicial review of whether that policy is within the delegation." *Springfield Education Assn. v. School Dist., supra,* 290 Or at 223.

*Springfield;* our inquiry is thus one of determining what the legislature intended by using the term. As the court explained in *Springfield:*

> "Whether certain facts are within the intended meaning depends upon the policy that inheres in the term by its use in a statute which is intended to accomplish certain legislative purposes * * *." 290 Or at 226.

We agree with the Board that two questions—two areas of "inexactness"—arise in connection with the crucial phrase: (1) does the "right to practice" refer to rights broader than the right to practice accountancy, and (2) does the phrase "state or federal agency" include courts?

■ Taking the questions in reverse order, we think it patent that, despite the use of the word "agency" in ORS 673.170(2)(i), the legislature intended to include courts within the term. Were this not so, suspension or revocation of a CPA's right to practice before the United States Tax Court could not lead to revocation of his license in Oregon—an absurd result, and one the legislature cannot have intended.

The harder question is whether, assuming practice before courts as well as those entities more traditionally viewed as agencies is included within the term, the "right to practice" in the statute extends beyond the right to practice accountancy. The Board reasoned that the right referred to in ORS 673.170(2)(i) must be read broadly in order to avoid reducing a companion provision, ORS 673.170(2)(h), to a nullity. ORS 673.170(2)(h) authorizes suspension or revocation for:

> "(h) Cancellation, revocation, suspension or refusal to renew, authority to practice as a certified public accountant or a public accountant in any state."

As the Board explained in its order,

> "ORS 672.170(2)(h) already allows the board to take disciplinary action against a licensee where cancellation, revocation or suspension of authority to practice as a certified public accountant has occurred in any state. Thus, ORS 673.170(2)(h) already covers public accounting rights and ORS 673.170(2)(i) covers rights *in addition* to public accounting rights. There would be no need for the legislature to enact ORS 673.170(2)(h) if ORS 673.170(2)(i) already covered public accounting rights." (Emphasis in original.)

■    This view of the interworkings of the two subsections is, we think, too strained. As we read it, both in text and within the context of the statutory scheme, subsection (h) is concerned with revocation or suspension of licenses *qua* licenses, while subsection (i) is concerned with revocation of the right of someone who has a license to practice before authorities other than the licensing authority. So read, subsection (h) becomes no impediment to reading subsection (i) as being limited to the practice of accountancy.

Our construction of the statute avoids the task that we and the Board would otherwise face, both in this case and later ones, of determining what kinds of "practice" subsection (i) refers to. It may well be that other kinds of professionals—engineers, for example, or architects— "practice" in some sense before certain state or federal tribunals such as the Court of Customs and Patent Appeals. Would the legislature reasonably have contemplated the existence of such circumstances, much less intended that revocation of the right to carry on such a "practice" could also justify revocation of a CPA's license? Such questions are avoided by the construction we give subsections (h) and (i).

From the foregoing, it necessarily follows that the Board erred in revoking petitioner's license under subsection (i). Even assuming that, at this juncture, the Board might wish to pursue the matter further by amending the specifications against petitioner, it is clear that subsection (i) is the only basis, under ORS 673.170(2), on which the Board could even arguably have taken the action it took here. Remand, therefore, would accomplish nothing.

Reversed.